109 So.2d 138

**Ex parte NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE.**

**In re STATE ex rel. John PATTERSON, Atty. Gen.,**

**v.**

**N. A. A. C. P.**

**3 Div. 779.**

Supreme Court of Alabama.

Feb. 12, 1959.

Robt. L. Carter, New York City, Fred D. Gray, Montgomery, and Arthur D. Shores, Birmingham, for petitioner.

John Patterson, Atty. Gen., Edmon L. Rinehart and Jas. W. Webb, Asst. Attys. Gen., for respondent.

PER CURIAM.

This cause comes before this tribunal on mandate from the Supreme Court of the United States, N. A. A. C. P. v. State of Ala., 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed. 2d 1488; this Court having previously denied certiorari, but having expressed its views as to the merits of the petitioner's claim of a constitutional right to refuse production of its membership lists. 265 Ala. 349, 91 So.2d 214.

While the Supreme Court of the United States, in its opinion supra, seems to recognize its lack of jurisdiction over matters of state ("nonfederal") procedure, it nevertheless assumed jurisdiction quoad hoc ("for this turn", as that phrase has been sometimes defined), and this upon the premise that the interpretation by this Court of its own procedural rules was erroneous, or that petitioner was not sufficiently apprised of this Court's "novel" interpretation of those rules in the decision under review.

Lest there be no misapprehension on the part of the bench and bar of Alabama, we here reaffirm the well recognized and uniform pronouncements of this Court with respect to the functions and limitations of common-law certiorari, and the distinctions between that and other methods of review. 265 Ala. 349, 91 So.2d 214, supra. As we stated in American Federation of State, County and Municipal Employees v. Dawkins, 268 Ala. 13, 104 So.2d 827, 834: "We cannot hurdle or make shipwreck of well-known rules of procedure in order to accommodate a single case."

The decision of the Federal Supreme Court seems to have proceeded upon a hearing there, upon consideration of allegations there made, and upon showings or evidentiary matters and contentions, much of which were never before this Court. It thereupon reversed the judgment of this Court and remanded the case for further proceedings "not inconsistent with" the opinion of that Court.

The first question before this Court on original consideration was whether or not there existed a prima facie right of refusal on the part of the petitioner. Ex parte Boscowitz, 84 Ala. 463, 4 So. 279. For the purposes of our decision we limited our opinion on the merits to petitioner's right of refusal to submit its membership lists. This question has been answered by the Supreme Court of the United States in the negative, by holding the petitioner to have a qualified right under the facts appearing before that Court, subject to an overriding interest of the State. The finding of that Court was to the effect that the State of Alabama had failed, at the hearing, to show such an overriding interest and ruled petitioner was not in contempt for failure to produce the lists.

This brings up the second question for review now, viz.: the scope of the order of the trial court and the facts apparent on the face of the record. Petitioner contends that it was held in contempt for refusal to produce its membership lists. As to the petitioner's right of said refusal, the Supreme Court of the United States, as stated, has settled that point, and no further discussion would be proper. However, petitioner's contention as to this sole reason it was held in contempt is not borne out by the record and the Supreme Court of the United States in its opinion, supra, seems to have rested decision on this mistaken premise. We wish to here point out that the record reveals that petitioner was held in contempt for "its willful and deliberate refusal to produce the documents described in the former order of the court in this cause" (orders dated July 25 and July 31, 1956).

Again the record before us shows: "* * * counsel for respondent objected to the motion to produce and the court ruled, as shown by its order on file, that certain books, papers and documents mentioned in the motion * * * should be brought into court. * * *" (Order dated July 25, 1956).

The Supreme Court of the United States, as to the entire order to produce, stated: "* * * petitioner * * * has apparently complied satisfactorily with the production order, except for the membership lists * * *. These last items would not on this record appear subject to constitutional challenge and have been furnished." [357 U.S. 449, 78 S.Ct. 1173.]

We cannot presume, as did the Supreme Court of the United States, that the petitioner did furnish the other items listed, in view of the finding of the circuit court on the face of its order that it did not; for, as we held on Ex parte Dickens, 162 Ala. 272, 50 So. 218, 222 (and approved by the Supreme Court of the United States in its review) : "Following the rules above stated, the chancellor has found the facts that said Dickens has not, in good faith, obeyed the orders of the court, but, on the contrary, has filed a false and fraudulent account; and we must take his finding as being correct. Those being the facts, said Dickens was properly adjudged to be in contempt * * *."

There is nothing in the record here before us upon which we could bottom a conclusion *that petitioner has apparently complied satisfactorily with the production order, except for the membership lists.*

Being so—and pretermitting further discussion of the claimed contempt of petitioner for refusal to submit the membership lists—it is clear the petitioner is still in contempt for its failure to produce the other "certain books, papers and documents" described in the lower court's order, thereby necessitating another affirmance of the judgment.

Petitioner has filed a motion praying that this Court will cause to be sent to the Circuit Court of Montgomery County, Alabama, the mandate of the United States Supreme Court so that petitioner may proceed to have a hearing on the merits of the injunction issued by said Circuit Court.

It results from the foregoing considerations that the motion is not well taken and is overruled and the judgment is again affirmed.

Motion overruled and judgment affirmed after remandment.

All the Justices concur.