NATIONAL ASSOCIATION FOR THE ADVANCE-
MENT OF COLORED PEOPLE *v.* ALABAMA
EX REL. PATTERSON.

No. 753.   Decided June 8, 1959.*

---

*Together with No. 674, Misc., *National Association for the Advancement of Colored People* v. *Livingston, Chief Justice of the Supreme Court of Alabama, et al.*, on motion for leave to file and petition for writ of mandamus.

*Robert L. Carter, Thurgood Marshall, Arthur D. Shores, William T. Coleman, Jr., George E. C. Hayes, William R. Ming, Jr., James M. Nabrit, Jr., Louis H. Pollak, Frank D. Reeves* and *William Taylor* for petitioner.

*MacDonald Gallion,* Attorney General of Alabama, and *James W. Webb,* Assistant Attorney General, for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted.

In our original opinion in this case, 357 U. S. 449, we held the Alabama judgment of civil contempt against this petitioner, together with the $100,000 fine which it carried, constitutionally impermissible in the circumstances disclosed by the record. We declined, however, to review the trial court's restraining order prohibiting petitioner from engaging in further activities in the State, that order then not being properly before us. 357 U. S., at 466–467. Our mandate, issued on August 1, 1958, accordingly remanded the case to the Supreme Court of Alabama "for proceedings not inconsistent with" our opinion.

In due course the petitioner moved in the Supreme Court of Alabama that our mandate be forwarded to the Circuit Court of Montgomery County for the further proceedings which were left open by our decision. After the motion had been twice renewed [1] the Supreme Court of Alabama on February 12, 1959, "again affirmed" the contempt adjudication and $100,000 fine which this Court

---

[1] Petitioner's motion was first made on November 5, 1958, and was renewed, on November 19, 1958, and on December 1, 1958, by mailing to the Attorney General and filing with the Alabama Supreme Court copies of the original.

had set aside.[2] Finding that the Circuit Court had determined that petitioner had failed to "produce the documents described" in its production order, the State Supreme Court concluded that this Court was "mistaken" in considering that, except for the refusal to provide its membership lists, petitioner had complied, or tendered satisfactory compliance, with such order. This conclusion was considered as "necessitating another affirmance of the [contempt] judgment," involving, so the State Court thought, matters not covered by the opinion and mandate of this Court.

We have reviewed the petition, the response of the State and all of the briefs and the record filed here in the former proceedings. Petitioner there claimed that it had satisfactorily complied with the production order, except as to its membership lists, and this the State did not deny. In fact, aside from the procedural point, both the State and petitioner in the certiorari papers posed one identical question, namely, had the petitioner "the constitutional right to refuse to produce records of its membership in Alabama, relevant to issues in a judicial proceeding to which it is a party, on the mere speculation that these

---

[2] In its previous order, on which the former proceeding here was based, the Alabama Supreme Court held that certiorari did not lie to review the merits of the contempt adjudication, and dismissed the original petition for certiorari on that ground, 265 Ala. 349, 91 So. 2d 214. Its opinion on which the present proceedings are based includes this statement: "Lest there be no misapprehension on the part of the bench and bar of Alabama, we here reaffirm the well recognized and uniform pronouncements of this Court with respect to the functions and limitations of common-law certiorari, and the distinctions between that and other methods of review. 265 Ala. 349, 91 So. 2d 214, *supra*. As we stated in *American Federation of State, County and Municipal Employees* v. *Dawkins*, 268 Ala. 13, 104 So. 2d 827, 834: 'We cannot hurdle or make shipwreck of well-known rules of procedure in order to accommodate a single case.'" 268 Ala. 531, 532, 109 So. 2d 138–139.

members may be exposed to economic and social sanctions by private citizens of Alabama because of their membership?" (State's Brief in Opposition to Petition for Certiorari, p. 2.) [3] The State made not even an indication that other portions of the production order had not been complied with and, therefore, required its affirmance. On the contrary, the State on this phase of the case relied entirely on petitioner's refusal to furnish the "records of its membership." That was also the basis on which the issue was briefed and argued before us by both sides after certiorari had been granted. That was the view of the record which underlay this Court's conclusion that petitioner had "apparently complied satisfactorily with the production order, except for the membership lists," 357 U. S., at 465.[4] And that was the premise on which the Court disposed of the case. The State plainly accepted this view of the issue presented by the record and by its argument on it, for it did not seek a rehearing or suggest a clarification or correction of our opinion in that regard.

It now for the first time here says that it "has never agreed, and does not now agree, that the petitioner has complied with the trial court's order to produce with the exception of membership. The respondent, in fact, specifically denies that the petitioner has produced or offered to produce in all aspects except for lists of membership." This denial comes too late. The State is bound by its previously taken position, namely, that decision of the sole question regarding the membership lists, is dispositive of the whole case.

We take it from the record now before us that the Supreme Court of Alabama evidently was not acquainted

---

[3] Question I in the petition for certiorari was as follows: "Whether the refusal of petitioner to produce names and addresses of its Alabama members was protected by the Fourteenth Amendment's interdiction against state interference with First Amendment rights?"

[4] See Note 5, *infra*.

with the detailed basis of the proceedings here and the consequent ground for our defined disposition. Petitioner was, as the Supreme Court of Alabama held, obliged to produce the items included in the Circuit Court's order. It having claimed here its satisfactory compliance with the order, except as to its membership lists, and the State having not denied this claim, it was taken as true.[5]

In these circumstances the Alabama Supreme Court is foreclosed from re-examining the grounds of our disposition. "Whatever was before the Court, and is disposed

---

[5] Indeed had the State denied this claim it would have raised additional serious constitutional issues. As we noted in our original opinion the contempt adjudication not only carried a fine of serious proportions, but under Alabama law it had the effect of foreclosing "petitioner from obtaining a hearing on the merits of the underlying ouster action, or from taking any steps to dissolve the temporary restraining order which had been issued *ex parte,* until it purged itself of contempt." 357 U. S., at 454. Yet upon the facts disclosed by the record, the validity of a contempt decree carrying these consequences would, apart from the refusal to produce the membership lists, have depended upon nothing more substantial than the reasonableness of the degree of petitioner's tendered compliance. For example, Item "5" of the production order called for: "All files, letters, copies of letters, telegrams and other correspondence, dated or occurring within the last twelve months next preceding the date of filing the petition for injunction, pertaining to or between the National Association for the Advancement of Colored People, Inc., and persons, corporations, associations, groups, chapters and partnerships within the State of Alabama." Petitioner's tender was this: "the files in the offices of respondent [petitioner] are filed under subject matter headings. Therefore, to comply with this paragraph would require respondent to search all of its files in order to secure all information requested. Respondent receives correspondence in its offices at the rate of 50,000 letters alone per year and files are maintained for a period of ten years. Respondent produces, however, all memoranda to branches during the twelve months period next preceding June 1, 1956, which would include its branches in the State of Alabama."

of, is considered as finally settled." *Sibbald* v. *United States,* 12 Pet. 488, 492. See also *Martin* v. *Hunter's Lessee,* 1 Wheat. 304; *Tyler* v. *Magwire,* 17 Wall. 253.

This requires that the judgment of the Supreme Court of Alabama be reversed. Upon further proceedings in the Circuit Court, if it appears that further production is necessary, that court may, of course, require the petitioner to produce such further items, not inconsistent with this and our earlier opinion, that may be appropriate, reasonable and constitutional under the circumstances then appearing.

We assume that the State Supreme Court, thus advised, will not fail to proceed promptly with the disposition of the matters left open under our mandate for further proceedings, 357 U. S., at 466–467, and, therefore, deny petitioner's application in No. 674, Misc., for a writ of mandamus.

*It is so ordered.*

MR. JUSTICE STEWART took no part in the consideration or decision of this case.