122 So.2d 396

Ex parte **NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE.**

In re **STATE of Alabama ex rel. MacDonald GALLION, Atty. Gen.**

v.

**N. A. A. C. P.**

**3 Div. 779.**

Supreme Court of Alabama.

July 11, 1960.

Fred D. Gray, Montgomery, Arthur D. Shores, Birmingham, and Robt. L. Carter, New York City, for petitioner.

MacDonald Gallion, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for respondent.

PER CURIAM.

On June 30, 1958, the Supreme Court of the United States (357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488) reversed the judgment of this Court (265 Ala. 349, 91 So.2d 214) sustaining a judgment for civil contempt rendered by the Circuit Court of Montgomery County against petitioner. After remandment, this Court reaffirmed the judgment of the Circuit Court upon the premise that notwithstanding the Supreme Court of the United States had adjudged that petitioner was not in contempt for failure to furnish its list of membership in Alabama, the petitioner was still in contempt for failure to comply with the judgment of the trial court in other respects. This was undoubtedly the record before us which we had under review. Again, the petitioner carried the case to the Supreme Court of the United States to review our said judgment and decision in 268 Ala. 531, 109 So.2d 138.

In its opinion of June 8, 1959, National Advancement For The Colored People v. Alabama ex rel. Patterson, 360 U.S. 240, 79 S.Ct. 1001, 1003, 3 L.Ed.2d 1205, the Federal Supreme Court said:

"We have reviewed the petition, the response of the State and all of the briefs and the record filed here in the former proceedings. Petitioner there claimed that it had satisfactorily complied with the production order, except as to its membership lists, and this the State did not deny. * * * The State made not even an indication that other portions of the production order had not been complied with and, therefore, required its affirmance. On the contrary, the State on this phase of the case relied entirely on petitioner's refusal to furnish the 'records of its membership.' That was also the basis on which the issue was briefed and argued before us by both sides after certiorari had been granted. That was the view of the record which underlay this Court's conclusion that petitioner had 'apparently complied satisfactorily with the production order, except for the membership lists,' 357 U.S. at page 465, 78 S.Ct. at page 1173. And that was the premise on which the Court disposed of the case. The State plainly accepted this view of the issue presented by the record and by its argument on it, for it did not seek a rehearing or suggest a clarification or correction of our opinion in that regard.

" * * * The State is bound by its previously taken position, namely, that decision of the sole question regarding the membership lists is dispositive of the whole case.

" * * * Petitioner was, as the Supreme Court of Alabama held, obliged to produce the items included in the Circuit Court's order. It having claimed here its satisfactory compliance with the order, except as to its membership lists, and the State having not denied this claim, it was taken as true.

" * * * Upon further proceedings in the Circuit Court, if it appears that further production is necessary, that court may, of course, require the petitioner to produce such further items, not inconsistent with this and our earlier opinion, that may be appropriate, reasonable and constitutional under the circumstances then appearing."

As stated, this was not the status of the record before us, nor was the appeal here tried on any such basis; hence, our second affirmance of the judgment before us.

From the foregoing, we understand that the Supreme Court of the United States based its decision on the assumption that petitioner had complied with the production order in all respects except as to membership lists, but, we further understand that the Court did not find as a fact that the production order had been so complied with. On the contrary, the last opinion of that Court appears to leave the question of compliance, except as to membership lists, to be determined by the circuit court.

We will, therefore, even though we disagree with the conclusions reached by the Federal Supreme Court, remand the cause to the Circuit Court with directions to undertake such proceedings as may be deemed proper.

The temporary injunction heretofore issued by the Circuit Court will remain in full force and effect pending final determination of the cause on its merits.

Remanded with directions.

All the Justices concur.