NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE, a Corporation, Plaintiff,

v.

MacDonald GALLION, Attorney General of Alabama; Mrs. Bettye Frink, Secretary of State, State of Alabama, Defendants.

Civ. A. No. 1622–N.

United States District Court
M. D. Alabama, N. D.

Aug. 11, 1960.

Fred D. Gray, Montgomery, Ala., Arthur D. Shores, Birmingham, Ala., and Robert L. Carter, New York City, for plaintiff.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Chief Asst. Atty. Gen., Gordon Madison and Nicholas S. Hare, Asst. Attys. Gen., State of Alabama, for defendants.

FRANK M. JOHNSON, Jr., District Judge.

This is an action by the National Association for the Advancement of Colored People, a Corporation, seeking to invoke the jurisdiction of this Court on the ground that plaintiff-corporation has a right in this Court to redress the deprivation, under color of the law of the State of Alabama, or custom, or usage by the officials of the State of Alabama, of a right, privilege or immunity secured to said corporation and/or its members by the Constitution of the United States and/or Acts of Congress providing for equal rights of citizens. Plaintiff-corporation further says it is entitled to equal rights and protection under the law under the Civil Rights Act,[1] and that this Court has jurisdiction to redress such deprivation.[2]

1. Title 42, § 1981, U.S.C.A.

2. Title 42, § 1983, U.S.C.A.

This action was filed on June 23, 1960, and jointly therewith plaintiff sought of this Court a temporary restraining order, restraining the defendant MacDonald Gallion, as Attorney General for the State of Alabama, and his agents, etc., and restraining Mrs. Bettye Frink, as Secretary of State for the State of Alabama and her agents, etc., from refusing to register the plaintiff-corporation, said refusal action being pursuant to the temporary restraining order and injunction that was issued on or about June 1, 1956, by one of the circuit judges of the Fifteenth Judicial Circuit for the State of Alabama; said injunction enjoining plaintiff and its members from engaging in any activities in the State of Alabama. Plaintiff's motion for a temporary restraining order was denied by this Court on June 24, 1960. The motion of the plaintiff for a preliminary injunction filed contemporaneously with the complaint and the amended motion of the defendants, seeking to have this Court dismiss this action, are pending and are now submitted upon the pleadings, together with the exhibits attached thereto, the briefs and the arguments of counsel.

The history of this action as recited by the complaint reflects that on June 1, 1956, the then Attorney General for the State of Alabama secured a temporary restraining order from one of the circuit judges of the Montgomery County Circuit Court. Prior to the time there was any hearing on the motions in that case, the plaintiff-corporation was adjudged guilty of contempt of court for failure to comply with one of that court's production orders. Plaintiff says that because of the substantive law of the State of Alabama—which plaintiff claims is itself a denial of due process—no action could be taken on the motions in that case until plaintiff had purged itself of contempt of court. Plaintiff sought certiorari to the Supreme Court of the State of Alabama,[3] but without obtaining relief, and appealed to the Supreme Court of the United States,[4] which reversed the action of the State court insofar as the contempt proceedings were concerned, the Supreme Court of the United States saying, in effect, that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the "liberty" assured by the due process clause of the Fourteenth Amendment to the Constitution of the United States and that for the State court to compel production (of its list of members) would likely constitute an effective restraint on its members' freedom of association. The case was remanded to the Supreme Court of the State of Alabama. The Supreme Court of Alabama reinstated the contempt judgment and fine on the ground that plaintiff had failed to comply with the order of the circuit court in certain respects not considered by the Supreme Court of the United States.[5] A second review by the Supreme Court of the United States [6] resulted in the Alabama court again being reversed and the case again being remanded, with the Supreme Court of the United States denying the plaintiff-corporation's petition for mandamus to the Alabama Supreme Court. In remanding this case the second time, the Supreme Court said [360 U.S. 240, 79 S.Ct. 1004]:

"We assume that the State Supreme Court, thus advised, will not fail to proceed *promptly* with the

3. Ex parte National Ass'n for Advancement of Colored People, 265 Ala. 349, 91 So.2d 214, and Ex parte National Ass'n for Advancement of Colored People, 265 Ala. 699, 91 So.2d 221.

4. National Ass'n for Advancement of Colored People v. State of Alabama, 1958, 357 U.S. 449, 78 S.Ct. 1163, 2 L. Ed.2d 1488.

5. Ex parte National Ass'n for Advancement of Colored People, 268 Ala. 531, 109 So.2d 138.

6. National Ass'n for Advancement of Colored People v. State of Alabama, 360 U.S. 240, 79 S.Ct. 1001, 3 L.Ed.2d 1205.

disposition of the matters left open under our mandate for further proceedings, 357 U.S. at 466–467 [78 S.Ct. at pages 1173–1174], and, therefore, deny petitioner's application in No. 674, Misc., for a writ of mandamus." (Emphasis supplied.)

The plaintiff-corporation now says to this Court that it has filed several motions to remand this case to the Circuit Court of Montgomery County so that it may be heard on the motions in that case and that the last mandate from the Supreme Court of the United States was mailed to the Alabama Supreme Court on July 14, 1959. Plaintiff-corporation says, further, no action has been taken and that since it cannot obtain a hearing on the motions in that case, the plaintiff-corporation is effectively deprived of rights, privileges and immunities under the Constitution and laws of the United States and such a denial is a deprivation of due process of law. The amended motion to dismiss, together with the exhibit thereto, reflects that the Supreme Court for the State of Alabama on July 11, 1960 (two days before the present submission) remanded the case to the Circuit Court, Fifteenth Judicial Circuit, Montgomery County, Alabama, "with directions to undertake such proceedings as may be deemed proper."

■■■ Contrary to the position taken by the defendants in this case, there is no serious question as to the jurisdiction of this Court to entertain this suit. The United States district courts have the jurisdiction to entertain all suits brought by citizens to redress deprivation of rights, privileges or immunities granted to them under the Constitution or the laws of the United States.[7] The only serious legal question in this case is whether this Court should, under the circumstances, exercise this jurisdiction.

Ordinarily, under facts and circumstances similar to those presented in this case, this Court would merely stay this proceeding and retain jurisdiction pending a reasonably prompt determination of the matter by the courts of the State of Alabama.[8] However, the past history of this litigation, hereinabove reviewed by this Court, removes this case from that category dealt with by the Supreme Court of the United States in the "retention" and "abstention" cases.

For the reasons hereinafter set out, it is felt that such jurisdiction and authority should not be exercised in this instance and that the action should be dismissed.

The real basis for plaintiff's seeking this Court's aid is the alleged unconstitutional action by the courts of Alabama in not proceeding promptly; that the effect of the delayed action and "dilatory tactics" is to deprive the plaintiff-corporation of its constitutional right to do business in the State of Alabama and to do so without the plaintiff-corporation having the right to obtain rulings upon and, if necessary, a review of those rulings upon the several constitutional issues raised.

It should be noted that in this case the Supreme Court of the United States refused to pass on the constitutional issues raised by this plaintiff-corporation. The Court there said that the constitutional issues were not properly before it, and remanded the case to the state courts for "further proceedings." N. A. A. C. P. v. State of Alabama, supra. In making this determination, the Supreme Court recognized that the "ultimate aim

7. See this Court's opinion in Browder v. City of Montgomery, Alabama, D.C.Ala. 1956, 146 F.Supp. 127, and the authorities therein cited.

8. Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; Louisiana Power & Light Co. v. Thibodaux City, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, and County of Allegheny v. Frank Mashuda Co. et al., 360 U.S. 185, 79 S. Ct. 1060, 3 L.Ed.2d 1163.

and purpose of the litigation is to determine the right of the State to enjoin petitioners from doing business in Alabama." [357 U.S. 449, 78 S.Ct. 1174].

It should also be noted that the Supreme Court in its last treatment of this litigation even went so far as to indicate to this plaintiff-corporation the route open to it in securing a prompt trial and review if appropriate.

This clear indication is found in the Court's statement above quoted on page 584 of this opinion.

If this assumption as made by the Supreme Court was or is erroneous, the proper remedy in this particular case is to that Court by regular appellate procedures or extraordinary procedure ancillary to the prior remand.

In addition to the above, it must be recognized that there are certain instances when a federal court should not exercise its jurisdiction, and this is particularly true in a case where an action is in the breast of a state court and one of the litigants in that case seeks to invoke the injunctive powers of the federal court. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138, and the authorities therein cited.

This Court must and does now assume that the public officials for the State of Alabama (the judicial officers concerned with the case now pending in the state courts, as well as the two officers that are parties to the present litigation) recognize that they are just as solemnly committed by their oaths taken pursuant to Article VI, Clause 3, of the Constitution of the United States, to protect the constitutional rights of all citizens, as is this Court. It would be necessary for this Court to assume otherwise in order to justify granting plaintiff the relief it seeks.

For the foregoing reasons, the N.A.A. C.P.'s motion for an injunction will be denied and the amended motion to dismiss by the State of Alabama officials will be granted. A formal order will be entered accordingly.