NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE, a Corporation, Plaintiff,

v.

Richmond M. FLOWERS, Attorney General of Alabama, Agnes Baggett, Secretary of State, State of Alabama, Defendants.

Civ. A. No. 1622–N.

United States District Court
M. D. Alabama, N. D.
April 30, 1963.

Robert L. Carter, New York City, Fred D. Gray, Montgomery, Ala., and Arthur D. Shores, Birmingham, Ala., for plaintiff.

Richmond M. Flowers, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

There is now presented to this Court a motion of the plaintiff, National Association for the Advancement of Colored People, a Corporation, filed herein on March 29, 1963, wherein said plaintiff seeks to have this Court set this matter for a hearing on the merits.

This case has been pending in this Court since June 23, 1960. It is an action by the National Association for the Advancement of Colored People seeking to invoke the jurisdiction of this Court on the ground that the plaintiff corpora-

tion has a right in this Court to redress certain alleged deprivations under color of law of the State of Alabama of the right and privilege secured to said corporation and/or its members by the Constitution of the United States and/or Acts of Congress providing for the equal rights of citizens. Plaintiff seeks, in its action, to have this Court enjoin and restrain the defendant Richmond M. Flowers as Attorney General of the State of Alabama and his agents, etc., and enjoin and restrain Agnes Baggett as Secretary of State of the State of Alabama and her agents, etc., from refusing to register the plaintiff corporation, said refusal action being pursuant to a temporary injunction which was issued by one of the Circuit Judges of the Fifteenth Judicial Circuit for the State of Alabama.[1] On August 11, 1960, this Court by memorandum opinion, D.C., 190 F.Supp. 583, set out in detail the history of this litigation in both the State and Federal courts and declined to exercise jurisdiction in this case, observing that because of the peculiar history of this case the matter should be litigated through the State court system and, if necessary, from there to the Supreme Court of the United States. From this action, the National Association for the Advancement of Colored People, a Corporation, appealed to the United States Court of Appeals for the Fifth Circuit. That Court in National Association for the Advancement of Colored People v. Gallion (1961), 5 Cir., 290 F.2d 337, vacated the order of this Court to the extent that the action was dismissed, but stated:

"We are in agreement with the district court's decision that this matter should be litigated initially in the courts of the State. But for the reasons here set forth, the judgment will be vacated and the case remanded to the district court with instructions to permit the issues presented to be determined with expedition in the State courts, retaining jurisdiction meanwhile for the purposes here stated."

From the action of the United States Court of Appeals for the Fifth Circuit, the National Association for the Advancement of Colored People, a Corporation, appealed to the Supreme Court of the United States. That Court in National Association for the Advancement of Colored People v. Gallion, Attorney General of Alabama, et al. (Oct. 23, 1961), 368 U.S. 16, 82 S.Ct. 4, 7 L.Ed.2d 85, vacated the action of the Court of Appeals for the Fifth Circuit and remanded the matter to said Court, stating:

"The petition for a writ of certiorari is granted. The judgment below is vacated, and the case is remanded to the Court of Appeals with instructions to direct the District Court to proceed with the trial of the issues in this action unless within a reasonable time, no later than January 2, 1962, the State of Alabama shall have accorded to petitioner an opportunity to be heard on its motion to dissolve the state restraining order of June 1, 1956, and upon the merits of the action in which such order was issued. Pending the final determination of all proceedings in the state action, the District Court is authorized to retain jurisdiction over the federal action and to take such steps as may appear necessary and appropriate to assure a prompt disposition of all issues involved in, or connected with, the state action. Truax v. Corrigan, 257 U.S. 312, 331–334 [42 S.Ct. 124, 66 L.Ed. 254]."

---

1. The case was originally against Mac-Donald Gallion as Attorney General and Mrs. Bettye Frink as Secretary of State. This Court, acting pursuant to the provisions of Rule 25(d), Federal Rules of Civil Procedure, by order made and entered herein on April 5, 1963, substituted Flowers and Baggett, the present incumbents of the offices as designated, for those individuals originally named as defendants in their official capacities.

On December 13, 1961, this Court, acting pursuant to the mandate of the United States Court of Appeals for the Fifth Circuit that was filed herein on December 11, 1961 (which mandate was in accordance with the order and instructions of the Supreme Court of the United States, supra) ordered this cause to be reinstated on the active docket of this Court "for such further action as may be considered appropriate and necessary to assure prompt disposition of all issues involved in this case." This Court, in order to keep informed as to the exact status of the matter in the courts of the State of Alabama, ordered and directed that the plaintiff and the defendants each advise this Court in writing on or before the 30th day of each month, commencing January 30, 1962, as to the exact status of said proceeding in the State courts. That part of this Court's order has been complied with by the parties, and the said status reports are on file in this action with the Clerk of this Court. Acting within the time prescribed and as required by the Federal courts, the Circuit Court of Montgomery County, Alabama, for three days, on December 27th, 28th and 29th, 1961, heard the matter on its merits. A final decree was rendered by the Circuit Court of Montgomery County, Alabama, in said cause on December 29, 1961, said decree being adverse to the National Association for the Advancement of Colored People, a Corporation, to the extent that said corporation, "its agents, servants, employees, attorneys, and all officers thereof and all persons in active concert or participation with respondent, National Association for the Advancement of Colored People, a corporation, be, and they hereby are, permanently restrained and enjoined" from conducting business of any description, maintaining any office, soliciting membership, collecting dues or contributions, and filing an application "for the purpose of qualifying to do business within the State of Alabama."

The National Association for the Advancement of Colored People, a Corpora-

tion, duly and timely appealed to the Supreme Court of Alabama from the action of the Circuit Court of Montgomery County, Alabama. The records of this Court reflect that the case as appealed was submitted to the Supreme Court of Alabama at the first regular call of the Third Division (the division that includes Montgomery County), this submission being in December 1962 and this call for this division by the Supreme Court of Alabama being fixed by law and being the first call for the Third Division after the briefs were filed.[2]

On February 28, 1963, in National Association for the Advancement of Colored People, a Corporation, v. State of Alabama, 274 Ala. 544, 150 So.2d 677, the Supreme Court of Alabama rendered its decision wherein it "affirmed" the decree of the Circuit Court of Montgomery County, Alabama, permanently enjoining and restraining said association from conducting business in the State of Alabama. The basis for the motion for a hearing on the merits now presented to this Court is that " * * * this Court is now obligated to take jurisdiction of this matter and render a decision on the merits," since the Supreme Court for the State of Alabama, instead of considering the merits of the case, affirmed the action of the Circuit Court of Montgomery County, Alabama, for the failure of the National Association for the Advancement of Colored People, a Corporation, to comply with Alabama Supreme Court Rule No. 9. This rule has to do with the assignment of error and the arguments of said assignments in the brief as presented to the Supreme Court. As this Court understands the matter, there is no contention on the part of the plaintiff association that the courts for the State of Alabama have not expeditiously handled the case since the action of the Federal appellate courts and the order of this Court of December 13, 1961. In this connection, it is significant to note that the plaintiff association did not, as authorized by Rule

---

2. Title 13, § 22, Code of Alabama, Recompiled 1958.

47, as amended, Supreme Court of Alabama (263 Ala. XXII), request the Supreme Court of Alabama to expedite the submission of the case while the appeal from the Circuit Court of Montgomery County, Alabama, was pending before the Supreme Court. What the plaintiff association is now saying and the basis on which it seeks to have this Court grant a hearing on the merits of the matter is that "[t]he trivialities raised by the Supreme Court of Alabama to bar dealing with this case on the merits and its refusal to follow precedents in its own law is, in view of the long and protracted nature of this litigation, a clear denial of due process."

As this Court understands the Supreme Court of the United States in its order and directive as set out in National Association for the Advancement of Colored People v. Gallion, etc. et al., supra, this Court was to proceed with the trial of the issues " * * * unless within a reasonable time * * * the State of Alabama shall have accorded to petitioner an opportunity to be heard on its motion to dissolve the state restraining order * * *." The Supreme Court further stated that "[p]ending the final determination of all proceedings in the state action * * *." this Court was authorized to retain jurisdiction and to take such steps as were necessary and appropriate to assure a prompt disposition in the State court action; that has been and continues to be done. As this Court understands the matter, the Supreme Court of the United States and the Fifth Circuit in its mandate made and entered herein on December 11, 1961, have not ordered and directed this Court to grant the National Association for the Advancement of Colored People, a Corporation, a hearing on the merits if and when it received an adverse ruling in

the State courts. The Supreme Court of the United States has, in the exercise of its jurisdiction over the Supreme Court of the State of Alabama, been available to the National Association for the Advancement of Colored People, a Corporation, regularly during the history of this litigation.[3] The plaintiff association, as it has had throughout the course of this litigation in both Federal and State courts, continues to have the right to obtain rulings and reviews from the Supreme Court of the United States of decisions relating to the constitutional issues presented in this litigation. To put it as succinctly as possible, this Court does not now feel that the action of the Supreme Court of Alabama in its ruling affirming the granting of the injunction by the Circuit Court of Montgomery County, Alabama, said ruling being based upon noncompliance by the plaintiff association with the rules of that Court, requires or even justifies this Court's granting the plaintiff association a hearing on the merits of this matter. Such action by this Court, if taken, would in effect constitute a review of the action of the Supreme Court of Alabama in its interpretation of its rules, which plaintiffs says was a "clear denial of due process." The Supreme Court of the United States is the proper Court to review this action by the Supreme Court of Alabama. This Court is informed that such a review is presently being sought by the plaintiff association.

For the foregoing reasons and for good cause, it is the order, judgment and decree of this Court that the motion of the National Association for the Advancement of Colored People, a Corporation, filed herein on March 29, 1963, seeking to have this Court conduct a hearing on the merits of this matter, be and the same is hereby denied.

3. National Association for the Advancement of Colored People v. Alabama (1958). 357 U.S. 449, 78 S.Ct. 1163, 2 L. Ed.2d 1488; National Association for the

Advancement of Colored People v. Alabama, 360 U.S. 240, 79 S.Ct. 1001, 3 L. Ed.2d 1205.