# Knight v. The State.

*Indictment for Manslaughter.*

1. *New trial in criminal case; discretionary with trial court.*—In a criminal case, the granting or refusal of a motion for a new trial is discretionary with the trial court, and its rulings on such motion will not be reviewed on appeal.

2. *Evidence of absent witness at former trial; admissible when reduced to writing and signed.*—Where the testimony given by a witness on the preliminary investigation of an accused is reduced to writing, read over to the witness and sworn to and signed by him, at a subsequent trial of said accused under indictment, the said witness being shown to be absent from the State, having removed hence, the testimony given by him on the former trial, as reduced to writing, is admissible in evidence.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. N. D. DENSON.

[Knight v. The State.]

The appellant was indicted and tried for manslaughter, and was convicted of manslaughter in the second degree. The only two rulings of the trial court, which are reviewed on this appeal, are sufficiently shown in the opinion.

OLIVER & SMITH and SMITH & LOWE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.— The ruling of the trial court on the motion for a new trial is not revisable on appeal.—*Jolly v. State*, 94 Ala. 19; *Walker v. State*, 91 Ala. 76. The testimony of the witness Taylor was properly admitted in evidence.— *Pruitt v. State*, 92 Ala. 41; *South v. State*, 86 Ala. 617.

COLEMAN, J.—The appellant was convicted of manslaughter in the second degree.

There are but two questions for our consideration. The first is, that the court overruled a motion for a new trial. In criminal cases the granting or refusal of a motion for a new trial, is discretionary with the trial court. By the terms of the statute, we are authorized to revise the ruling of the court upon motions for a new trial to civil causes.—*Jolly v. The State*, 94 Ala. 19; *Walker v. The State*, 91 Ala. 76.

The next question reserved by exception is, that the court erred in admitting the testimony of Dr. C. W. Taylor, given by him on a preliminary investigation and trial of the case. The bill of exceptions shows that Dr. Taylor was duly sworn on the preliminary trial, that his testimony was reduced to writing, read over to him, sworn to and signed, that at the time of this trial, he had removed from this State, and was in the State of Texas. There was no error in admitting the evidence.— *Pruitt v. The State*, 92 Ala. 41; *South v. The State*, 86 Ala. 617. There is no error in the record.

Affirmed.