[Curtis v. The State.]

# Curtis v. The State.

## Forgery.

(Decided November 20, 1913.   Rehearing denied December 11, 1913.
63. South. 745.)

1. *Indictment and Information; Forgery; Distinct Offenses.*—Section 6909, Code 1907, makes each of the acts enumerated a forgery, but does not create two distinct offenses, and an indictment following form 61, stating in the alternative, a forgery, or an uttering of a forged instrument, is good as against the objection that it charges two distinct offenses.

2. *Same; Caption; Grand Jury.*—Under section 7131, Code 1907, an indictment served on the accused need not show the organization of the grand jury, that being a matter to be shown by the minutes of the court.

3. *Criminal Law; Abatement; Objection to Grand Jury.*—Under section 7572, a plea in abatement alleging that a grand juror was disqualified from serving because he was not a householder, and because he had been convicted of embezzlement, and his case was pending on appeal, is demurrable.

4. *Same; Former Jeopardy.*—An agreement between counsel in a criminal case that a particular jury shall try the case, does not amount to the selection of a jury so as to put the defendant in jeopardy where the agreement has not been called to the attention of the court, and approved by it.

5. *Same.*—One who has been arraigned, and pleaded not guilty to an indictment which was quashed on his motion after the jury was sworn, has not been put in jeopardy, and may be prosecuted for the same offense.

6. *Same; Continuance; Absent Witnesses.*—Unless it appears that the witnesses are within the jurisdiction of the court, a defendant is not entitled to a continuance because of absent witnesses.

7. *Same; Discretion of Court.*—The granting or refusal of a continuance is in the discretion of the trial court, and will not be reviewed unless abused.

8. *Same.*—Where an indictment was quashed on defendant's motion at the December term, but he was held under order of the court to await a new indictment, and a new indictment was preferred February 15, following, and he served therewith three days later, and was arraigned two days after, and his trial set for three days later, the refusal to grant a continuance on the ground that accused was without an attorney, and had not been allowed time to prepare his defense, was not such an abuse of the court's discretion, as would be disturbed on appeal.

[Curtis v. The State.]

9. *Witnesses; Competency; Conviction of Perjury.*—Under section 4008, Code 1907, a witness who has merely made contradictory affidavits, is not rendered incompetent.

10. *Trial; Exceptions.*—An exception to an instruction relative to the plea of former jeopardy based on the ground that the proof showed that the question came up in the court room during the regular procedure, and that the question involved was between solicitor and defendant's counsel, and that the question came up after defendant had been arraigned, was not definite enough to point out any particular part of the charge excepted to, or to present the charge for review on appeal.

11. *Appeal and Error: Questions Reviewable; Matters Submitted.*—Where a defendant submits his case on the merits and without motion to establish a bill of exception, he is presumed to have abandoned his motion and to have accepted the bill contained in the record.

12. *Same; Misconduct of Parties.*—It is not proper for persons to address letters to the appellate court requesting a reversal on the ground that defendant had not had a square deal on his trial where they base their assertions on mere hearsay.

13. *New Trial; Denial; Review.*—On appeal this court has no authority to review the action of the trial court on a motion for a new trial in a criminal case.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Chester A. Curtis was convicted of forgery and he appeals. Affirmed.

Chester A. Curtis, pro se. Defendant files in this court a voluminous document pointing out what he conceives to be errors of the trial court, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted of forgery under an indictment following literally the code form.—Code, § 7161, form 61, p. 670. The defendant urges that the indictment in this form was insufficient or defective in that (quoting) "two distinct and separately indictable offenses are alleged in the indictment

in one and the same count, both based on the same act, to wit: *'That, with the intent to injure or defraud, the defendant did alter, forge, or counterfeit a certain bank check,* [set out in the indictment], and in the alternative alleges *'or with intent to injure or defraud did utter and publish as true the said falsely altered, forged, or counterfeited bank check knowing the same to be so altered, forged, or counterfeited,'* all of which [he adds] is in direct conflict with and contrary to the law as laid down by the Supreme Court in *Gunter v. State,* 111 Ala. 23 [20 South. 632, 56 Am. St. Rep. 17], and *Clayborne's Case,* 103 Ala. 53 [15 South. 842], in which it is held that 'a series of charges cannot be based on the same act,' and in *Ben v. State,* 22 Ala. 9 [58 Am. Dec. 234], *Moore v. State,* 71 Ala. 309, and *Hurst v. State,* 86 Ala. 604 [6 South. 120, 11 Am. St. Rep. 79] in which it is held that 'a single crime cannot be subdivided into two or more offenses'; and defendant avers that section 7161 of the Code in accordance with which the indictment was written, is therefore unconstitutional."

A sufficient answer to this contention is found in the fact that the statute (Code, § 6909), defining the offense of forgery, for which the section (7161, form 61) now attacked was designed to furnish a form for charging the offense denounced, makes either of the acts set forth in the indictment forgery, and does not make one act, as here contended, two distinct crimes.—See, also, Code, § 7151; *Shelton v. State,* 143 Ala. 98, 39 South. 377.

Another objection to the indictment was that the caption of the one served on defendant did not show the organization of the grand jury. This is not necessary under the law.—Code, § 7131; *Overton v. State,* 60 Ala. 73. These are matters which properly appear only in the minutes of the court.

[Curtis v. The State.]

The defendant pleaded in abatement that a certain named member of the grand jury that returned the indictment against him was disqualified from serving as a grand juror by reason, first, that he was not a householder, and by reason, second, that he had been convicted of embezzlement in the inferior court of Mobile, which case, it was shown in the plea, had been appealed, and was still pending and untried on such appeal to the city court at the time the indictment was found and at the time the present trial was had. The court properly sustained a demurrer filed to this plea by the state, for the reason that, under our statutes—even assuming that the facts stated in the plea would disqualify the person from service, which we do not decide—it is provided that no objection can be taken to an indictment by plea in abatement, or otherwise, on the ground that any member of the grand jury was not legally qualified. —Code, § 7572; *Bluett v. State,* 151 Ala. 52, 44 South. 84; *Mathes v. State,* 3 Ala. App. 12, 57 South. 390.

The defendant also undertook to set up by plea in abatement that the state's material witnesses, upon whose testimony the indictment was found, were incompetent witnesses, alleging as the grounds of their incompetency supposed contradictory affidavits made by them. The plea was stricken on motion based on the ground that the plea was frivolous and set up no defense to the indictment. In this there was no error. Perjury on the part of a witness—granting that the allegations of the plea showed this, though we are of opinion they do not—does not render the witness incompetent to testify. It is only a *conviction* for perjury that has this effect.—Code, § 4008.

The defendant filed a plea of former jeopardy, in which he set up in effect that at a prior term of the court he was arraigned on an indictment charging the

same offense as here, and that after the indictment had
been read and he had pleaded not guilty to it and a jury
had been lawfully sworn and legally selected to try
the case, it was discharged by the court without an ac-
tual trial or rendering of a verdict.   The court over-
ruled a demurrer of the state to this plea (which was
clearly defective—*Lyman v. State,* 47 Ala. 686), and
submitted the issues of fact raised by it to a jury for de-
termination, who returned a verdict on the plea in favor
of the state, after hearing the evidence pro and con as to
whether or not a jury had been selected as alleged in the
plea, which seems to have been the really controverted
question. On this point, the defendant as a witness for
himself testified that, after he was arraigned and had
pleaded not guilty to the indictment as alleged in the
plea, the solicitor, turning to him, asked him if he was
satisfied with the jury, to which he replied, "Yes." The
solicitor as a witness for the state denied this, affirming
that the only jury selected in that case was one to try
the defendant's plea of misnomer at that time on file,
and he (the solicitor) introduced in evidence the court
record of the proceedings then had, which showed in
one entry a trial upon defendant's plea of misnomer, a
verdict and judgment thereon in favor of the state, and,
in a subsequent entry, a judgment rendered on a later
day to which the case was passed quashing the indict-
ment on motion of defendant, and the holding of de-
fendant under bail to answer a new indictment—the
one now before us.   Granting as true the facts claimed
by defendant—that the case on the plea of not guilty
proceeded to the point of selecting a jury—it would not
be jeopardy if the indictment was quashed on his mo-
tion.—1 Mayf. Dig. 490, 491, 12 Cyc. 266.

The court in its oral charge to the jury on defend-
ant's said plea of former jeopardy charged, among

[Curtis v. The State.]

other things, in substance and to the effect that an
agreement between opposing counsel in a criminal case
on a particular jury to try the case would not consti-
tute a selection of that jury to try the case within the
sense and meaning here· to be considered, unless the
agreement was called to the attention of and approved
by the court; that the matter of the selection of a jury
is one upon which the court, as well as the parties,
must act; that a defendant is entitled to a list of the
venire from which to select the jury; and that if the
.solicitor and a defendant were to make an arrange-
ment between themselves, as here contended, and agree
on a jury in some other manner than the way the law
provides, it would not constitute a selection of that
jury, unless the court knew of and acquiesced in it.
The court wound up the charge by telling the jury the
question at issue under the plea was for them to decide.
At the conclusion of the charge the defendant excepted
as follows: "I except to your honor's instructions, be-
cause the proof shows here, the question involved came
up right here in the court-room in the regular proce-
dure." Upon a statement by the court that he did not
understand the exception, defendant continued: "I
except to your honor's instructions because the proof
in the case shows the question involved here is between
the solicitor and myself came up after defendant had
been arraigned in court." The court in reply said: "I
leave that to the jury. I don't say whether it was or
not. I am merely charging on the hypothesis. I am
not charging the jury that he did. I know nothing
about that, merely on the hypothesis. I merely charge
the jury that if something were done between counsel
without the knowledge of the court, that would not bind
the court." The exception is not sufficiently definite to
point out the particular part of the charge of the court

that was excepted to, and hence cannot be reviewed. We may add, however, that, viewed as a whole, our opinion is the charge was free from error.

The defendant made a motion supported by affidavit, to continue the present case, and that upon two grounds: One was on account of the absence of four alleged material witnesses, three of whom, it expressly appeared from the affidavit, were non-residents of the state of Alabama, and consequently not subject to the jurisdiction and subpoena or process of the court; and as to the other of whom it is alleged in the affidavit that his last-known residence was in Mobile, Ala., leaving the inference that his present residence, and whether it was in this state or not, was unknown. It does not appear from the affidavit and motion that a subpœna had been asked for and issued for the witness, or that such had been served, or could have been or be served, upon him. For aught to the contrary appearing, this witness was also beyond the reach of the court. In fact, defendant's evidence on the trial showed he was. Clearly, the court was not in error in overruling, on the showing made, this ground of the motion for continuance.— *Sanderson v. State,* 168 Ala. 109, 53 South. 109; *Redmond v. State,* 4 Ala. App. 192, 59 South. 181. A defendant is entitled to a continuance, so as to have compulsory process for obtaining witnesses in his favor, as provided by section 6 of the Constitution, only when it appears that the witnesses are within the court's jurisdiction; otherwise such process would be impotent and a continuance in order to grant it would be useless.— *Walker v. State,* 117 Ala. 85, 23 South. 670.

The other ground of the motion was to the effect that defendant, being without an attorney, had not been allowed sufficient time to prepare his own defense. This contention is without merit. It appears that at a prior

term of the court, in December, 1912, the indictment was quashed on his motion, and (pending the time that he was being held under the order of the court to await a new indictment) the new indictment was found on, to wit, February 15, 1913, and a copy served on defendant on February 18, 1913, and that on February 20, 1913, he was arraigned and the case set for trial on February 23, 1913, when it was tried. The matter of granting or refusing a continuance is one usually resting in the sound discretion of the trial court, and in such case a reversal on appeal cannot be predicated on such action unless there has been a gross or palpable abuse of such discretion.—*Scott v. State*, 3 Ala. App. 150, 57 South. 413. Certainly there is not such here.

At the conclusion of the bill of exceptions and as a part of it, and just before the signature of the trial judge, we find this statement: "On the 22d day of May, 1913 [within the time for presenting the bill of exceptions], the defendant filed with me what purported to be a bill of exceptions, but it was of such a nature that I declined to sign it. At a later date the defendant presented to me an amended bill of exceptions. This I declined to sign. As the defendant had no counsel, I had the official stenographer to make a complete transcript of the proceedings of the trial on the plea of former jeopardy and on the trial of the plea of not guilty, and I now sign that transcript as a correct bill of exceptions in the case, which is done this the 1st of August, 1913, within 90 days of the time the first bill of exceptions was filed with me." The case is submitted to us alone on the merits upon the record containing this bill of exceptions. We find, however, among the many and voluminous papers—briefs, motions, petitions, letters, etc.—accompanying the record, what purports to be a motion to establish here a bill of excep-

tions; but there has been no submission upon this motion, were we to treat as such the paper mentioned, and no evidence taken and submitted in support of it (Code, § 3021; rule 40 of the Supreme Court), and hence it will not be considered. By the submission of a case upon the merits alone, a motion to establish a bill of exceptions is abandoned, and the party is presumed to have accepted the bill found in the record.

We have carefully examined the record, containing this bill of exceptions, and are of opinion, not only that there is no merit in the exceptions reserved, that defendant was protected by the court in every legal right, and that he had a fair and impartial trial, but also that he was (contrary to his complaint here) treated with due courtesy and consideration by the court and solicitor. The evidence of his guilt is, in our opinion, overwhelming; and yet he has enlisted on his behalf the sympathies of a number of philanthropic workers, who have visited the jail during his confinement, and who have, apparently at his instance, addressed to us numerous written appeals in the shape of letters, begging for leniency and a reversal of the case here for a new trial below, intimating, as expressed by some, that he had not had "a square deal" on the former trial, basing their assertion, so far as appears, on mere hearsay. These communications have no place in this court, and are highly improper; but, believing the motives prompting them to have been sincere, and that they were not designed by the authors in any evil purpose to improperly sway or influence this court from the discharge of its duties, but rather originated in a misconception as to what those duties were, we shall take no action against the parties in the matter, except to give this warning and express our disapproval in this way of such appeals, and this with a hope of saving the necessity of

[Chaney v. The State.]

having to resort to other methods in the future to prevent a recurrence. The function of this court is solely to review the questions of law presented by the record, and a reversal or affirmance on an appeal is not a matter of discretion with us, but of law; hence, urging upon us, with a view to obtaining a reversal, any other consideration than the law is entirely out of place.

The defendant, after his conviction, made a motion for a new trial, which was overruled. We are without authority to review this action of the court.—*Jones v. State,* 104 Ala. 30, 16 South. 135; *Knight v. State,* 103 Ala. 48, 16 South. 7. We may add, however, that if we had such authority our opinion, as already indicated, is that the court did not err in this particular.

We have discussed all the points raised by the record which are insisted on in brief. Many irrelevant matters are there discussed, but are not presented by the record, and are considered. We find no error in the record, and the judgment is affirmed.

Affirmed.