Billy Joe Moy, pro se.

---

**Billy Joe MOY, Petitioner,**

v.

**Hon. Joseph J. BRADLEY, Judge of the Fayette Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

MILLIKEN, Judge.

In an original action in this court, the petitioner Billy Joe Moy, who is confined in the state penitentiary at Eddyville after his conviction in the Fayette Circuit Court of armed assault with intent to rob, prays this court to direct respondent, Hon. Joseph J. Bradley, Judge of the Fayette Circuit Court, to supply him, at state expense, with a certified copy of the proceedings leading to his conviction so that he may prepare a habeas corpus petition for filing in the Lyon Circuit Court.

Moy was indicted on January 15, 1955. On arraignment the following day he pleaded not guilty, and, he being without funds, the respondent appointed two regular practitioners of the Lexington Bar to defend the accused and assigned the case for trial on January 27, 1955. On that day

the accused, being represented by counsel, was tried by a jury, and a verdict was rendered finding him guilty and fixing his punishment at life imprisonment. On February 8, 1955, Moy was brought before the court, was informed of the nature of the indictment, the plea and punishment, and having been asked if he had any legal or just cause why judgment should not be pronounced upon him answered in the negative and was thereupon sentenced. The order book shows that on December 22, 1955, about ten months after the sentencing, Moy moved for permission to appeal in forma pauperis. It is set forth in the order overruling his motion that "it appearing that the defendant (Moy) having failed to file a motion for a new trial within the time prescribed by law, the motion to appeal in forma pauperis is overruled."

It will thus be seen that the proceedings in the trial court were regular, that Moy was present in court, that the court had jurisdiction of Moy personally and of the offense with which he was charged, and, as a consequence, the judgment of conviction is not void.

We are not favored with any brief of counsel to support the petitioner's prayer. If the decision of the United States Supreme Court in the case of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rendered in 1956, is the basis of the petitioner's request, suffice it to say that we do not construe that opinion as supporting Moy's prayer. An impoverished defendant may have a transcript of the evidence of his trial supplied at state expense for the purpose of appealing his conviction. KRS 453.190, 28.460(2) (a, b); Braden v. Commonwealth, Ky., 277 S.W.2d 7. Whether the petitioner was informed of his right to appeal in time for a proper appeal under section 336 of the Criminal Code of Practice does not appear from his petition and the record before us.

His petition asserts no specific reasons why he was not afforded a fair trial, but is couched in generalities such as his alleged innocence of the offense, that he was denied his "Civil Rights," that he was denied "Due Process of Law," that he was "Shanghaied," etc. We do not construe the Griffin case to mean that every person convicted of a felony, whether affluent or impoverished, who has not appealed his conviction, may subsequently have his conviction reviewed by an appellate court in an extraordinary proceeding without specifying sound legal reasons why his conviction should be reviewed. For us to conclude otherwise would disrupt the orderly administration of the criminal law, would place a tremendous additional burden on appellate courts, and would cause an unjustified expenditure of public funds to finance possibly frivolous appeals of indigent prisoners. Although petitioner requested the respondent to direct the clerk and court stenographer on April 19, 1957— over two years after his conviction and sentencing—to supply him at public expense with a transcript of the record of his conviction, no more specific grounds were advanced to the respondent than have been advanced by the petition in this court.

It is our conclusion that the petitioner has shown no valid reason for granting his request for a transcript of the evidence of his conviction, and, consequently, it is denied.