102 So.2d 923

**Ex parte William K. POWELL.**

6 Div. 637.

Court of Appeals of Alabama.

May 13, 1958.

William K. Powell, pro se.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

CATES, Judge.

This is a request by Powell to let him file a petition with the Circuit Court of

Jefferson County for a writ of error coram nobis.

Powell alleges that during his trial and on former appeal his substantial rights were violated because:—

1) he is now imprisoned for a robbery he did not commit and his only hope is by Federal intervention;

2) he has exhausted himself, if not his remedies, by motion for new trial, appeal here affirmed without opinion June 19, 1956, *and* not reported, a request to the Attorney General, by seeking habeas corpus in the Federal District Court, thence by appeal to the Supreme Court of the United States (Powell v. Burford, 355 U.S. 888, 78 S.Ct. 272, 2 L.Ed.2d 188), but all this, he correctly points out, is without prejudice to our review of this petition so far as coram nobis extends;

3) (a) the Solicitor had no right to switch Powell's trial from Judge Wheeler to Judge King, since Judge Wheeler had theretofore ordered an alienist, Dr. Kay, to examine Powell and report on his sanity;

(b) subsidiary to this ground, Powell alleges that he was without counsel until after arraignment, except an attorney employed by his mother solely for the purpose of securing information on his competency from various Veterans Hospitals and to establish Powell's unfitness to plead;

4) (a) "contrary to the * * * transcript * * * I was not * * * in open court at each and every stage * * * for I was not present when Judge Wheeler directed the court order be issued nor when it was requested * *";

(b) "I was not appointed counsel by the court until after I had been ordered by the court to make my plea following reading of my indictment * * *";

5) "I was denied a preliminary hearing * * *";

6) "I was not given a fair and impartial trial because * * * the prosecution was permitted * * * to give to my jury as evidence against me—a gun, bullets and blackjack. Those articles had never been in my possession * * *":

7) [This complains that allowing a conviction of the lesser included crime of larceny under a robbery indictment is discrimination, since his apparent accomplice who turned State's evidence was allowed to plead guilty to larceny;]

8) "coercion, both physical and mental, by police authority prior to my trial * * not sufficient to make me confess or plead guilty * * * nevertheless did succeed in suppressing my intention to take the witness stand * * *";

9) "my * * * attorneys were not permitted * * * to argue the credibility of James R. Hatt * * *";

10) "I was not appointed competent and able counsel * * *";

11) "the prosecution suppressed vital evidence * * *";

12) venue should have been Shelby County.

We have examined the record of Powell's appeal to this court, which was from a conviction of robbery, wherein the judgment of guilt pronounced by the Jefferson Circuit Court was affirmed.

No transcript of the evidence was filed, so that the record consisted of only the indictment, a minute entry of an order that Dr. Kay examine Powell (see below), the arraignment, minute entries of orders setting dates for trial, the judgment entry, the defendant's requested charges, both given and refused, a motion for a new trial, and the certificate of the circuit clerk.

No question is presented under the principle of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055.

In the first place, the writ of error coram nobis petition is concerned only with questions of fact. In the second place,

Powell made no application at the time of his appeal from conviction to be allowed to proceed in forma pauperis. We do not consider that the present application would permit of any question coming under the influence of the Griffin rule. The Court of Appeals of Maryland, in Cooper v. Warden, 214 Md. 629, 136 A.2d 367, 369, on treating an appeal from an application for a writ of habeas corpus, has said:

"* * * On the allegations of his petition and the supplement thereto— and even of his brief in this Court as well—we find no clear allegations of any denial of supposed rights under Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and we do not undertake to pass upon any such matters on this record."

See also People v. Brown, 3 A.D.2d 696, 158 N.Y.S.2d 1002.

Moreover, Powell has not shown here any question of fact which he seeks to have reviewed that would, if established in his favor, produce a different result from that which obtained on his original trial. Hence, the observation of the Kentucky Court of Appeals in Moy v. Bradley, Ky., 306 S.W.2d 296, 297, would be pertinent were the Griffin case involved here:

"* * * We do not construe the Griffin case to mean that every person convicted of a felony, whether affluent or impoverished, who has not appealed his conviction, may subsequently have his conviction reviewed by an appellate court in an extraordinary proceeding without specifying sound legal reasons why his conviction should be reviewed. For us to conclude otherwise would disrupt the orderly administration of the criminal law, would place a tremendous additional burden on appellate courts, and would cause an unjustified expenditure of public funds to finance possibly frivolous appeals of indigent prisoners. * * *"

The application to apply to the circuit court for a writ of error coram nobis has been considered in many cases by our Supreme Court. One of the most recent of these is Ex parte Fewell, 261 Ala. 246, 73 So.2d 558, wherein Mr. Justice Clayton undertook to lay down some of the underlying principles governing whether or not the appellate court will instruct the nisi prius court to re-examine the facts under the writ.

We consider that the grounds enumerated above by Powell in his application to us, set out as numbers 1, 2, 4a, 4b, 5, 7, and 12, clearly do not present questions of fact and hence are not before us.

As to item 3a, we find no authority for the proposition that an individual judge, in a court with as many judges as that of the Jefferson Circuit Court, is required to see a case through from beginning, including all preliminary proceedings, on through trial. Certainly, Judge Wheeler's entering the order which reads,

"This the 25th day of October, 1955, by consent of the parties, on behalf of the State of Alabama, represented by Emmett Perry, Circuit Solicitor, and on behalf of defendant, * * * it is hereby ordered by the Court that Dr. Frank A. Kay, a specialist in mental diseases make examination of the defendant and report his findings to this Court in writing,"

violated no substantial rights of the defendant. Indeed, this order seems to have been inspired by a sensibility of the defendant's suspected incompetency, and is not a proceeding called for under any of the statutes relating to insanity as a defense or as to an enquiry with regard to the fitness of persons to plead or be tried. Powell fails to show what Dr. Kay reported.

The recent decision of the Supreme Court in Hawkins v. State, 103 So.2d 158,[1]

---

1. 267 Ala. 518.

points out that the views and opinions of physicians, even when brought about by statutory inquisitions, do not supplant adjudication by a jury of a prisoner's fitness to plead.

As to the sixth ground, relating to the items given in evidence against him which he claims were never in his possession, Powell brings forth no evidence in support thereof.

As to ground 8, he fails to show the quo modo of the suppression of his intention of taking the witness stand. Needless to say, in view of our requirements of trials in open court, it would, indeed, take strong and compelling evidence to hope for success in establishing such a ground.

As to ground 9, on the question of arguing the credibility of James R. Hatt, who was an alleged accomplice of Powell, we have been aided by Powell's memorandum brief which claims that Hatt should be considered insane. However, the only matter to support this argument is a quotation from a report of Dr. Kay "that * * James R. Hatt was probably insane." There is no allegation whatsoever of Hatt having been adjudicated insane. Indeed, the inference is equally tenable that, after a period of observation of some two weeks and four days in the Bryce State Hospital in Tuscaloosa, Hatt was turned back to the courts as competent.

As to the tenth ground, the competency and ability of a defendant's counsel will not, in our opinion, support an application of this sort unaccompanied by any allegation of and a substantial showing of fraud, bad faith, or collusion between defense counsel and the prosecution. See Cooper v. Warden, supra. Moreover, such an allegation and showing would also require a further showing that the outcome of the original trial would have probably been different, together with compliance with the other conditions obtaining in cases of this sort. See Ex parte Fewell, supra.

As to the last ground, No. 11, relating to the suppression of evidence, no affidavit or other suggestion of proof has been made.

This petition contains, for the most part, allegations which, when anaylzed for the purposes of coram nobis, (rather than for an argument to a jury) consist primarily of half truths. We say this not in derogation of the petitioner's case, but mainly so that any future applications of this sort will not go through the futility of submitting matters which are primarily conjectural rather than factual.

The basic purpose of a proceeding of this kind is to call to the attention of the appellate court some element of newly discovered (not newly disclosed) evidence which will have a strong probability of changing the finding of fact theretofore made on the original trial. Questions primarily of law or of argument as to the inferences to be drawn from facts should not clutter up consideration, both from the point of view of allowing a speedy determination as well as requiring the Attorney General to answer only the pertinent points.

We are as zealous as anyone that our penitentiaries should confine no one who is innocent. Our consideration of this problem will be greatly aided if we do not have to weed out matters which are essentially side issues and over which we have no jurisdiction in cases of this kind.

Petition denied.