Carlos **COFFMAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 6628.

United States Court of Appeals
Tenth Circuit.

April 28, 1961.

Tim Robberson, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

KERR, District Judge.

Appellant predicates his appeal on the grounds that there was no judicial determination of his mental competency prior to the trial, that there was insufficient evidence to establish his mental competency at the time of the offense or at the time of the trial, and that the court erred in its instructions with respect to the issue of insanity.

A federal grand jury in the District of Kansas indicted appellant on a charge of bank robbery in violation of 18 U.S. C. § 2113(a, d). On June 17, 1960, he entered a plea of Not Guilty. Pursuant to 18 U.S.C.A. § 4244, the court committed him to the Medical Center for Federal Prisoners at Springfield, Missouri. Appellant was represented at all times by an attorney of his own selection and employment. During the trial on September 27, 1960, appellant admitted that he perpetrated the robbery. His counsel unequivocally informed the jury that the only question for them to decide was the sanity or insanity of the defendant at the time of the commission of the crime. The jury returned a verdict of guilty and appellant was sentenced to imprisonment for ten years.

The issue of the mental competency of appellant at the time of the trial is raised for the first time on this appeal. He states that the evidence establishes his mental incompetency at the time of the trial. This is not so. All the evidence was directed to his competency to commit the crime on February 12, 1960. He willingly went to trial, voluntarily testified in his own defense, and declared that he was capable of so testifying.

Appellant avers that the report of the examination at Springfield does not appear in the record and therefore presumably was not received. The record belies this argument. When appellant appeared for sentencing his counsel pleaded for leniency saying that "The court has, as a result of the trial and the reports from the psychiatrist from Springfield, as much information as any one else in regard to this particular matter." Appellant cannot be heard now to deny that the report was made and received.

Indeed, the introduction of the psychiatrist's report or of the finding of the court would have invited our censure. Section 4244 directs that the psychiatrist shall report to the court. If the court holds a hearing to determine the mental competency of the accused, evidence of the reporting psychiatrist (but not his report) may be submitted as evidence. The statute expressly states that the finding by the judge "shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

In support of his contention that he was incompetent to be tried and sentenced, appellant asserts that there was no judicial determination of his mental competency prior to the trial and that Title 18 U.S.C.A. §§ 4244 and 4245 require such a determination. Appellant does not contend that the report of the psychiatrist revealed that he was incom-

petent to stand trial. The language in Section 4244 is unambiguous. The court is not compelled to hold a hearing to determine the mental competency of the accused if the report of the psychiatrist does not indicate that the defendant is presently insane or mentally incompetent.[1] There being no evidence to the contrary, we presume that the trial court acted correctly and in accordance with the statutory mandate.[2] The only possible conclusion is that the court was convinced that the appellant was capable of comprehending the nature of the charges against him and of assisting counsel in the preparation and presentation of his own defense.

Appellant contends that the prosecution did not sustain the burden of proving his sanity and that the jury's verdict is contrary to the evidence. The presumption of sanity having been overcome by the introduction of the issue of insanity, it is necessary to prove the mental capacity of the appellant to commit the crime by competent evidence beyond a reasonable doubt.[3]

Ever solicitous of the rights of one who pleads not guilty by reason of insanity, we have carefully analyzed the evidence relating to appellant's mental capacity. The most that can be deduced from the testimony of appellant's witnesses, his relatives and friends, is that they thought that appellant was nervous, upset, and that he did not act like himself. The psychiatrist who observed and examined appellant at the United States Medical Center for Federal Prisoners at Springfield, Missouri, testified that his intellectual capacity measured in the range of high average to above average. Appellant had the tendency, according to the examination, to disassociate himself or to reject uncomfortable situations and to have relatively severe emotional difficulty, but he was oriented as to time, place and person. There were no clearcut gross overt symptoms that he had radically lost contact with reality. The ultimate diagnosis from the Medical Center was that appellant was of the Chronic Undifferentiated Type of Schizophrenic Reaction. The expert testified, however, that persons who are so diagnosed are quite productive; they do very well, and adjust in their communities, their effectiveness, merely, being decreased. On cross examination the psychiatrist stated that he found appellant mentally ill, that is, his psychological defenses against stress and anxiety had commenced to break down when he had marital and parental trouble and trouble on his job. He reiterated that the well directed goal of the appellant with respect to the preparation for and the execution of the robbery, and the nature of his behaviour at the time of the offense, evidenced that he was, at that time, conforming to the rules of reality; that he understood the nature and quality of what he was doing; and that his volition was not so destroyed as to constitute the bank robbery a result of irresistible impulse.

We cannot detect the inconsistent, ambiguous or hearsay quality of the psychiatrist's testimony as alleged by appellant. It is our studied conclusion that the government sustained its burden of proving beyond a reasonable doubt that the appellant was mentally competent at the time of the commission of the offense and that there was adequate evidence to sustain the verdict of the jury.

Appellant complains that the court's instructions on insanity constitute prejudicial error. He asserts error on the further ground that the Court did not instruct the jury concerning his mental condition at the time of the trial.

In response to the court's inquiry, counsel for the appellee and the appellant replied that they had no objections or suggestions relative to the court's instructions. The rule pertain-

1. Formhals v. United States, 9 Cir., 278 F.2d 43; Krupnick v. United States, 8 Cir., 264 F.2d 213; Hereden v. United States, 10 Cir., 286 F.2d 526.

2. Brewer v. Hunter, 10 Cir., 163 F.2d 341.

3. Fitts v. United States, 10 Cir., 284 F.2d 108.

ing to counsel's delayed reaction to the instructions to the jury has been enunciated by this court too frequently to warrant exposition at this time. Absent grave error infringing upon the fundamental rights of the accused, tardy objections to the instructions of the trial court will not be reviewed upon appeal.[4]

A careful examination of the instructions as a whole, with special attention to the three instructions to which appellant objects, convince us that the rights of the appellant were fully protected. It is clear that neither grave nor prejudicial error was committed by the trial judge. He properly instructed the jury with respect to the material questions of law and he gave them a sufficiently accurate definition of the term "insanity."

 The court properly explained when the presumption of insanity is dispelled, and when the burden is imposed upon the prosecution to prove the defendant's sanity beyond a reasonable doubt. It then instructed the jury about the ability to distinguish right from wrong as a test in determining whether the appellant was guilty or not guilty. In the succeeding instruction the court joined the right and wrong and irresistible impulse characteristics of insanity. These instructions are not contradictory; they are not mutually exclusive; they are not self-destructive. It is preferable to define, clarify and explain in one instruction alone the elements constituting the defense of not guilty by reason of insanity. We believe, however, that the jury was properly apprised that the term "insanity" means such a perverted and deranged condition of the mental and moral faculties as to render a person incapable of distinguishing between right and wrong, or unconscious at the time of the nature of his act, or though conscious of his conduct and able to distinguish between right and wrong, and knowing

that the act is wrong, yet his will—by which is meant the governing power of his mind—has been involuntarily so completely destroyed that his actions are not subject to it but are beyond his control.

 The question of the defendant's insanity or mental competency at the time of the trial was resolved prior to the trial pursuant to 18 U.S.C.A. § 4244. Such determination having been made, the issue was not before the jury. Under the circumstances, it would have been improper to instruct the jury concerning the mental condition of the defendant at the time of the trial.

We find that no fundamental right of the appellant was denied. No reversible error appears in the record.

Affirmed.

---

4. Rules 30 and 52(b), Fed.Rules Crim. Proc. 18 U.S.C.A.; Thayer v. United States, 10 Cir., 168 F.2d 247; Fischer v. United States, 10 Cir., 212 F.2d 441; Marteney v. United States, 10 Cir., 218 F.2d 258, certiorari denied 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745; Smith v. United States, 10 Cir., 257 F.2d 133; Kitchens v. United States, 10 Cir., 272 F.2d 757, certiorari denied 362 U.S. 942, 80 S.Ct. 809, 4 L.Ed.2d 772; and cases cited therein.