152 So.2d 439

**Hillard A. SANDERS**

v.

**STATE.**

**3 Div. 142.**

Court of Appeals of Alabama.

April 9, 1963.

After Return from Circuit Court
May 14, 1963.

Hillard A. Sanders, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Sanders sought a free transcript to appeal from a first degree forgery conviction with a thirteen year prison term.

The trial judge turned Sanders down January 25, 1963. The order states the petition does not comply with law; also that Sanders has no meritorious "defense."

 March 18, 1963, a divided court handed down Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 899. In view of the possible nugatory effect [1] of this decision upon all or part of our "Griffin v. Illinois [351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891]" statute (Act No. 62 of Sept. 15, 1961), we remand the cause to the circuit court for further consideration. See Birdsell v. State, 41 Ala.App. 418, 133 So.2d 692.

Remanded.

1. Of course, if there are two equally valid constructions of an act, the constitutional one is to be preferred to one clearly contrary to organic law. Here we think

After Return from Circuit Court

The trial judge entered the following judgment which we consider self-explanatory:

"This Court has carefully reconsidered Sanders' petition of December 21, 1962, in accordance with the instructions contained in the opinion of the Court of Appeals. The Court is of the opinion that said petition should be denied for failure to comply with Title 15, Section 380(1), Code of Alabama 1940, as amended, in that:

"1. Said petition is not sworn to before a Notary or other officer authorized to administer oaths.

"2. Said petition fails to set out a desire to appeal under Section 380(1), Title 15 of the 1940 Code of Alabama, as amended.

"3. Said petition fails to show the offense of which petitioner was convicted.

"4. Said petition fails to show the plea made.

"5. Said petition fails to show the date of adjudication.

"6. Said petition fails to show the sentence and judgment.

"7. Said petition fails to show the name of the trial court.

"8. Said petition fails to show the name of the trial judge.

"9. In the petition, defendant claims, as error, insufficiency of evidence as to intent but fails to set out any facts in support thereof.

"In view of the utter deficiency of the petition to comply with the requirements of Section 380(1) of Title 15 of the 1940 Code of Alabama, as amended, this Court is of the considered opinion that the petition should be denied.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that

doubt should be removed: particularly as to the specification of meritorious errors mentioned in § 7 of Act 62, supra.

said petition be and the same is hereby denied.

"Let a copy of this Order be served forthwith upon the defendant.

"DONE this 26 day of April, 1963.
 "RICHARD P. EMMET,
 CIRCUIT JUDGE"

We have reviewed the record proper under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.